**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ERIK BERGGREN,

        Plaintiff,

v.

COGITO CORPORATION,

        Defendant.

---

## COMPLAINT

---

Plaintiff Erik Berggren ("Mr. Berggren"), for his Complaint against Cogito Corporation ("Cogito"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Mr. Berggren is an individual who resides at 1930 W. 35th Avenue, Denver, CO 80211.

2.     Cogito is a Massachusetts corporation with its principal place of business at 100 High Street, 7th Floor, Boston, MA 02110.

3.     The Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as Mr. Berggren and Cogito are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as set forth below.

4.      Venue is proper in the District of Colorado pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Colorado.

## GENERAL ALLEGATIONS

5.      Cogito provides augmented intelligence solutions for enterprise call centers.

6.      Mr. Berggren is a Client Director employed by Cogito.

7.      Cogito compensates Mr. Berggren through both salary and commissions.

8.      Mr. Berggren tirelessly worked on Cogito's behalf to develop Apple Inc. ("Apple") as a customer of Cogito, beginning in 2018.

9.      Apple's first paid engagement with Cogito ("Apple Engagement") was committed to by Apple in 2021.

10.     Cogito promised Mr. Berggren, in both writing and verbally, that Mr. Berggren would be provided with a certain commission multiplier on the Apple Engagement.

11.     Based on the applicable commission formula and Cogito's promises set forth above, Mr. Berggren earned $792,000 in commissions on the Apple Engagement.

12.     To date, Mr. Berggren has only been paid $222,000 in commissions on the Apple Engagement, despite all commissions being fully earned, vested, and determinable as of the date of this Complaint pursuant to the applicable commission policies and practices and Cogito's promises set forth above.

13.     Cogito therefore owes Mr. Berggren no less than $570,000 in commissions ("Unpaid Commissions") on the Apple Engagement.

14.     Cogito has falsely denied that it owes Mr. Berggren the Unpaid Commissions and

has attempted to secure a discount for itself on the Unpaid Commissions.

### FIRST CLAIM FOR RELIEF
**(Unpaid Wages Under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*)**

15.     The preceding allegations of the Complaint are incorporated by reference as though set forth fully herein.

16.     Cogito has not paid the Unpaid Commissions owed to Mr. Berggren, as set forth above, which constitute "wages" for purposes of the Colorado Wage Claim Act.

17.     The Unpaid Commissions are earned, vested, and determinable.

18.     By letter dated September 20, 2021, Mr. Berggren made written demand to Cogito for payment of the Unpaid Commissions.

19.     This Complaint also constitutes further written demand for payment of the Unpaid Commissions.

20.     Cogito has not paid the Unpaid Commissions.

21.     Cogito's refusal to pay the Unpaid Commissions is willful.

22.     Mr. Berggren seeks recovery from Cogito of the Unpaid Commissions, statutory penalties (including penalties for willfulness), costs, and attorneys' fees.

### SECOND CLAIM FOR RELIEF
**(Civil Theft, C.R.S. §§ 18-4-401, 18-4-405, 8-4-114)**

23.     The preceding allegations of the Complaint are incorporated by reference as though set forth fully herein.

24.     Cogito has willfully refused to pay wages or compensation as provided by the Colorado Wage Claim Act.

25.     Cogito has falsely denied the amount of Mr. Berggren's wage claim, that same is due, and/or the validity thereof.

26.     Cogito has acted with intent to secure for itself a discount upon Cogito's indebtedness to Mr. Berggren.

27.     Cogito's actions constitute civil theft pursuant to C.R.S. §§ 18-4-401, 18-4-405, and 8-4-114.

28.     Mr. Berggren seeks recovery from Cogito of the Unpaid Commissions, treble damages, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

29.     Paragraphs 1 through 14 of the Complaint are incorporated by reference as though set forth fully herein.

30.     Mr. Berggren entered into an agreement with Cogito regarding commissions payable on the Apple Engagement ("Agreement").

31.     The Agreement is valid and enforceable.

32.     Mr. Berggren has fully performed his obligations under the Agreement.

33.     Cogito's actions, as set forth above, including failing to pay the Unpaid Commissions, constitute breaches of the Agreement.

34.     Cogito's actions have caused damages to Mr. Berggren in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(In the Alternative to the Third Claim for Relief, Promissory Estoppel)**

35.     Paragraphs 1 through 14 of the Complaint are incorporated by reference as though set forth fully herein.

36.     Cogito made promises to Mr. Berggren, particularly that Mr. Berggren would be paid the Unpaid Commissions on the Apple Engagement.

37.     Cogito should have reasonably expected that its promises would induce action or forbearance by Mr. Berggren.

38.     Mr. Berggren in fact reasonably relied on Cogito's promises to his detriment.

39.     Cogito's promises must be enforced to prevent injustice.

40.     Cogito's actions have caused damages to Mr. Berggren in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(In the Alternative to the Third Claim for Relief, Unjust Enrichment)**

41.     Paragraphs 1 through 14 of the Complaint are incorporated by reference as though set forth fully herein.

42.     As a result of Mr. Berggren's efforts, Cogito obtained and continues to obtain benefits, including retention of the Unpaid Commissions and other benefits resulting from Cogito's relationship with Apple.

43.     Cogito received and continues to receive these benefits at Mr. Berggren's expense.

44.     Cogito received and continues to receive these benefits without justification and under circumstances that would make it unjust for Cogito to retain these benefits.

45.     Cogito's actions have caused damages to Mr. Berggren in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Berggren respectfully requests that the Court enter judgment in his favor and grant him relief as follows:

A.      Actual damages in an amount to be determined at trial;

B.      All available penalties under the Colorado Wage Claim Act, including for willfulness;

C.      Treble damages;

D.      An award of costs and attorneys' fees;

E.      Pre-judgment interest pursuant to the rate established by Colo. Rev. Stat. § 5-12-102 for money wrongfully withheld, together with post-judgment interest; and

F.      Such other and further relief as the Court may deem proper and just.

Dated:   December 1, 2021                    Respectfully submitted,

                                             */s/ Sterling J. LeBoeuf*
                                             Sterling J. LeBoeuf
                                             Nathalie A. Bleuzé
                                             DAVIS GRAHAM & STUBBS LLP
                                             1550 17th Street, Suite 500
                                             Denver, CO 80202
                                             Telephone: 303-892-9400
                                             Facsimile: 303-893-1379
                                             Email: sterling.leboeuf@dgslaw.com
                                             Email: nathalie.bleuze@dgslaw.com

                                             *Attorneys for Erik Berggren*

Name and Address of Plaintiff:

Erik Berggren
1930 W 35th Avenue
Denver, CO 80211